BROWN *v.* RIGGS.

MALICIOUS PROSECUTION—MALICE—EVIDENCE.

> Plaintiff in an action for malicious prosecution may show, as bearing on the question of malice, that defendant, after causing plaintiff's arrest, induced the latter's father to go for financial assistance in the defense to one H., to whom defendant, immediately after making complaint, had, unknown to the father, sold for $70 a note for $115 against the latter, and that H., after taking security for $200 to be advanced, presented the note instead of the promised money; it being a question for the jury whether the complaint was made in good faith or merely for the purpose of collecting the note.

Error to Wayne; Lillibridge, J. Submitted January 31, 1900. Decided March 6, 1900.

Case by Lee Brown, an infant, by his next friend, John Brown, against Gilbert Riggs, for malicious prosecution. From a judgment for plaintiff, defendant brings error. Affirmed.

*George X. M. Collier*, for appellant.

*S. W. Burroughs* and *Moore & Moore*, for appellee.

LONG, J. This action was brought against the defendant for malicious prosecution in causing the arrest of Lee Brown. It appears that the parties were neighbors, living in the township of Van Buren, Wayne county; that on November 29, 1896, in the night-time, there was taken from defendant's pasture a 2-year-old heifer. He made

search for it on the next day, and, going to Ann
Arbor, he found the skin of a heifer at a butcher shop,
that corresponded with the one he had lost.  He was
there informed that the skin had been sold there by one
Charles McIntosh and Lee Brown, the plaintiff here.
Defendant thereafter made complaint in writing against
McIntosh and Brown for larceny of the heifer.  This
complaint was made on December 2, 1896.  The parties
were arrested and brought before the justice, and the
cause adjourned until December 9th, and a subsequent
adjournment was then had until December 14th, on
which day the parties were discharged at the request of
the prosecuting attorney, and a new warrant issued, upon
which the parties were rearrested, and the cause adjourned
until the next day, when an examination was had, and
the parties were bound over to appear at the Wayne cir-
cuit court.  The bail was fixed at $500 each.  On the first
arrest the plaintiff here was committed to the jail of
Wayne county for want of bail.  On the second arrest he
gave bail in the sum of $500, with Richard Hope as surety.
On February 4th following, both defendants in that suit
were put on trial before a jury in the Wayne circuit court,
and a verdict of not guilty was found by the jury.

On the present trial it appeared from the testimony
offered by plaintiff that when he was committed to jail,
on December 3d, defendant called on John Brown, plain-
tiff's father, and advised him to go to one Richard Hope
and have him aid his son in getting bail, and stated that
Hope would furnish all the money necessary to aid his
son (the plaintiff here) in making his defense; that he
(defendant) did not believe him guilty; that John Brown
and his wife went to see Hope the next day, and he went
on the bond for the son; that, in order to get Hope to sign
the bond, Brown and his wife gave a deed of their farm,
the consideration being expressed therein of $700; that,
upon this deed being given, Hope signed the bond, and
also promised to give to the parties $200 in money to aid

the son in his trial; that, after the delivery of the deed instead of Hope giving John Brown the $200 in money, as was promised, he presented him with a note of $115 which had been given by Brown to defendant, Riggs. It appeared on the trial that Riggs, after the plaintiff's arrest, had transferred this note to Hope for $70, and had then sent Brown and his wife to Hope to induce him to go on the bond of their son. In doing this, John Brown and his wife were compelled to take up this note of $115 and secure the payment thereof. The claim of plaintiff on the trial was that the arrest was malicious and without probable cause. Testimony was given by plaintiff's witnesses that the hide found at Ann Arbor, and sold by McIntosh and plaintiff, came from a heifer belonging to McIntosh. Some considerable evidence was given by plaintiff tending to establish this fact. The defendant claimed that the hide came off his heifer, which he lost as above stated.

The first error claimed is in permitting the deed given to Hope, and the note mentioned as having been purchased by Hope, to be received in evidence. We think the court very properly received the same. The good faith of defendant, Riggs, in making the complaint was involved in the controversy. Quite a singular combination of circumstances was shown. A complaint made by defendant; immediately thereafter the transfer of this $115 note, signed by plaintiff's father, to Hope for $70; the advice of defendant to John Brown to call on Hope to aid him; and, after the security had been given Hope for $200 to be advanced to aid in the defense of plaintiff, the presentation of this $115 note by Hope instead of the money which had been promised. It was a question of fact for the jury to determine whether the complaint was made in good faith, or made for the purpose of the collection of this note. In other words, these circumstances were permitted to be shown by the court below for the purpose of establishing malice, and for no other purpose. The court properly instructed the jury on this question.

It was claimed by the defendant that he went to the

prosecuting attorney, and laid all the facts before him, and was advised by him to make the complaint. That question was submitted for the consideration of the jury in a very full and fair charge.

A point is also made that the court permitted the plaintiff to read the testimony of Mrs. Brown taken on the former trial, and that at that time Mrs. Brown was within the jurisdiction of the court. The record does not show that Mrs. Brown was then living, and within the jurisdiction. Neither does it show that any objection was made to the introduction of this testimony.

The verdict was for the plaintiff in the sum of $400. We have examined the record with care, and have considered all the points raised by counsel for defendant, and think that no other questions need be discussed. We find no error in the case.

The judgment must be affirmed.

MONTGOMERY, C. J., HOOKER and MOORE, JJ., concurred. GRANT, J., took no part in the decision.